The IDC, INC. and Thomas
Wayland, Appellant,

v.

COUNTY OF NUECES, Texas, Appellee.

No. 13–90–484–CV.

Court of Appeals of Texas,
Corpus Christi.

June 18, 1991.

Rehearing Overruled Aug. 29, 1991.

---

Kelly K. McKinnis, McAllen, for appellant.

Terry Shamsie, Asst. County Atty., Carlos Valdez, County Atty., Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Appellants, The IDC, Inc., and Thomas Wayland, sued appellee, Nueces County, Texas, alleging negligence and gross negligence after a vehicle owned by IDC and driven by Wayland struck a hole on the Chapman Ranch Road located in Nueces County. The trial court granted summary judgment favorable to the County, and the appellants appeal by one point of error. We affirm.

The appellants' evidence shows that on July 25, 1987, Thomas Wayland was driving a Mercedes vehicle on Chapman Ranch Road in Nueces County, Texas. The car struck a large hole in the road's surface and was propelled into the air. Wayland sustained personal injuries, and the car was severely damaged. There were no road signs or markers indicating that the road was obstructed or impassible. Nueces County sheriff's deputies picked up Way-

land and supervised traffic at the scene. The deputies told him that accidents of this type had occurred before but that the County had done nothing to correct the problem.

The appellants alleged that the County was negligent because it failed and refused to repair the dangerous situation on the roadway. They also alleged that the County's failure to correct the condition of sudden surface openings on the road, a problem known to the County before this incident occurred, constituted gross negligence. The appellants requested personal and property damages as well as punitive damages.

The County answered the suit and moved for summary judgment on the grounds that it was not an owner or occupier of the premises on which the incident allegedly occurred, that § 101.021(2) of the Texas Tort Claims Act [1] prevented the appellants from recovering property damages, and that § 101.024 of the Act prevented the appellants from recovering exemplary damages. The County's summary judgment evidence consisted of the accident report and the affidavits of the Hon. Robert Barnes, County Judge, Gerald Scalf, County Engineer, and David Tyler, Deputy Sheriff. The appellants' response asserted that by virtue of article 2351, subds. 2, 5 of the Texas Revised Civil Statutes, the County had a duty to close Chapman Ranch Road and to exercise general control over all highways within its boundaries. The appellants' summary judgment evidence consisted of Thomas Wayland's affidavit.

The trial court granted summary judgment favorable to the County, finding that: (1) articles 6673 and 6674q–4 of the Texas Revised Civil Statutes imposed no duty upon the County to maintain, control or supervise the state highway on which the incident occurred; (2) the basis of the appellants' suit was not in law deemed an operation or use of a motor vehicle as provided in § 101.021(1) of the Act; (3) the appellants were not entitled to recover property damages under § 101.021(2) of

1. *See* Tex.Civ.Prac. & Rem.Code Ann. §§ 101.- 001–101.109 (Vernon 1986 & Supp.1991).

the Act; and (4) the appellants are not entitled to recover exemplary damages for claims arising under § 101.021(2) of the Act.

In reviewing a summary judgment record, this court must determine whether a disputed material fact issue exists that would preclude a summary judgment. *Gonzalez v. Mission American Ins. Co.,* 795 S.W.2d 734, 736 (Tex.1990); *Bayouth v. Lion Oil Co.,* 671 S.W.2d 867, 868 (Tex. 1984). Every reasonable inference must be indulged in the non-movants' favor, and any doubt resolved in their favor. *Wilcox v. St. Mary's University,* 531 S.W.2d 589, 593 (Tex.1975). The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970); *Tucker v. Atlantic Richfield Co.,* 787 S.W.2d 555, 557 (Tex.App.—Corpus Christi 1990, writ denied).

By a single point, the appellants complain that the trial court erred by granting summary judgment favorable to the County. Under the doctrine of sovereign immunity, the State and its political subdivisions may not be held liable for the torts of its officers or agents in the absence of a constitutional or statutory provision creating liability. *State v. Terrell,* 588 S.W.2d 784, 785 (Tex.1979); *Munoz v. Cameron County,* 725 S.W.2d 319, 320 (Tex.App.—Corpus Christi 1986, no writ); *Wade v. Jackson County,* 547 S.W.2d 371, 373 (Tex.Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.). Nueces County is a political subdivision of the State, and, as such, is vested with immunity from suit. Thus, before liability can be imposed on the County, we must determine whether there has been a waiver of the State's immunity.

The Texas Tort Claims Act provides for a limited waiver of sovereign immunity:

§ 101.021. **Governmental Liability**

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would were it a private person, be liable to the claimant according to Texas law.

It is fundamental that the right of recovery for an injury sustained by the plaintiff as a result of the defendant's conduct must be founded upon a legal duty of some character owed to the plaintiff with respect to the injury and a violation of that duty by the defendant. *Rodriguez v. Carson,* 519 S.W.2d 214, 216 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.). The three elements of actionable negligence are: (1) a legal duty owed by one party (the defendant) to another (the plaintiff); (2) a breach of that duty; and (3) damages proximately resulting from the breach. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987); *Rodriguez v. Ed Hicks Imports,* 767 S.W.2d 187, 192 (Tex.App.—Corpus Christi 1989, no writ). The existence of a duty is a question of law. *Mitchell v. Missouri–Kansas–Texas R.R. Co.,* 786 S.W.2d 659, 662 (Tex.1990). Duty is the threshold question, and a plaintiff must prove the existence and violation of a duty owed to him by the defendant to establish liability in tort. *El Chico Corp.,* 732 S.W.2d at 311; *Abalos v. Oil Development Co.,* 544 S.W.2d 627, 631 (Tex.1976).

■ The principal question before this court is whether Nueces County owed the appellants a duty. In other words, was Nueces County an owner or occupier of the premises (Chapman Ranch Road) where the incident occurred. If it was, as a matter of law it owed a duty to the appellants and

the scope of that duty is delineated in the Texas Tort Claims Act. If it was not, it is self-evident that there is no basis for the appellants' cause of action against the County.

Restatement (Second) of Torts § 328E (1965) defines owner or occupier in terms of possessor. Section 328E provides:

A possessor of land is

(a) a person who is in occupation of the land with intent to control it or

(b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or

(c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

We recognize that ownership is not synonymous with control; however, the Supreme Court has held that a party who is not an owner owes the same duty to one on the premises as does the owner if that occupier is entitled to exclusive control. *Hernandez v. Heldenfels*, 374 S.W.2d 196, 198 (Tex. 1963); *Cameron County v. Velasquez*, 668 S.W.2d 776, 780 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

The appellants argue that the affidavits of the Hon. Robert Barnes, Gerald Scalf and David Tyler were not competent summary judgment evidence because they were from interested parties. The Hon. Robert Barnes, County Judge of Nueces County, stated in his affidavit that he is the presiding officer of the Commissioners' Court of Nueces County. The authority of the commissioners' court extends to the Nueces County Engineering Office. Judge Barnes stated that from January, 1987, to the present (June 15, 1990, is the date of his affidavit), Nueces County did not "own, occupy, lease, control, or contract with the owner of SH 286 to do such maintenance, repair work, or supervise such acts, concerning SH 286. This includes the entire roadway of SH 286 located within Nueces County, Texas."

Gerald Scalf, Nueces County Road Engineer, stated that he oversees all road maintenance and repair in Nueces County. This includes all county roads, streets, or premises, and any repair, maintenance or construction that is coordinated with another governmental unit. He further stated that during 1987, Nueces County did not:

own, maintain, supervise, lease, contract or control in any degree, public road SH 286. This includes the roadway section that Plaintiffs' alleged to be within the County's control or supervision. Nor did the County of Nueces have the consent of the landowner to enter on said premises to repair, construct, maintain or place warning devices on such premises. This public road was controlled, maintained, and owned solely by the State of Texas, during the year 1987....

David Tyler, a Nueces County sheriff's deputy, stated that as part of his job duties, he is dispatched to accident scenes in Nueces County, and he also prepares accident reports. On June 25, 1987, he was dispatched to an accident on State Highway 286 located in Nueces County.

Rule 166a(c) of the Texas Rules of Civil Procedure permits the granting of a summary judgment on the basis of uncontroverted testimonial evidence of an interested witness if that evidence "is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." The phrase "could have been readily controverted" means that the "testimony at issue is of a nature which can be effectively countered by opposing evidence." *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex.1989). Here, the testimony contained in the three affidavits is clear, positive, direct, otherwise free from contradictions and inconsistencies and is of a nature which could have been effectively countered by opposing evidence.

The County's evidence showing that it did not own or control the premises where the incident occurred was the following: (1) the County did not own, maintain, supervise, lease, contract or control in any degree SH 286, including the roadway section that the appellants alleged was within the County's control or supervision; (2) the County did not have the consent of the

landowner to enter on the premises to repair, construct, maintain or place warning devices on the premises; and (3) SH 286 was controlled, maintained, and owned solely by the State of Texas during 1987. These facts show that Nueces County did not own or control the premises where the appellants' wreck allegedly occurred.

The appellants argue that by virtue of article 2351, subds. 2, 5, the County should have closed Chapman Ranch Road because it was unsafe. The Texas Constitution provides that a commissioners' court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and laws of the State, or as may be hereafter prescribed." Tex. Const. art. V, § 18(b). The legislature thereafter provided that "[e]ach commissioners court shall: ... Lay out and establish, change, discontinue, close, abandon, or vacate public roads and highways.... [and] Exercise general control over all roads, highways, ferries and bridges in their counties." Tex. Rev.Civ.Stat.Ann. art. 2351, subds. 2, 5 (Vernon Supp.1991).

The State Highway and Public Transportation Commission is authorized to take over and maintain the various state highways, and the counties through which these highways pass are free from any cost, expense or supervision connected with them. Tex.Rev.Civ.Stat.Ann. art. 6673 (Vernon 1977). On the other hand, commissioners' courts are invested with the power and charged with the duty of creating and maintaining adequate county roads. Tex. Rev.Civ.Stat.Ann. art. 6702-1 §§ 2.002–2.011 (Vernon Supp.1991). Article 2351 does not specifically declare that commissioners' courts have exclusive control over State owned or controlled public roads or highways. Therefore, the County did not have a duty, by virtue of article 2351, to close Chapman Ranch Road due to its alleged unsafe condition.

The appellants also contend that the affidavits of Thomas Wayland and David Tyler support the allegation that the County was exercising control over Chapman Ranch Road. Wayland stated in his affidavit that Nueces County sheriff's deputies investigated the incident and filed an accident report. They also supervised traffic at the scene. Tyler stated in his affidavit as follows:

As part of my job duties as a Nueces County Sheriff Deputy, I am dispatched to the scene of accidents that may occur in Nueces County, Texas. Additionally, if I am dispatched to the scene of an accident, it is my duty to fill out an accident report concerning the incident.

On June 25, 1987, I was dispatched to the scene of an accident on State Highway 286, located in Nueces County, Texas. After such incident, I prepared an accident report, as per my duties as a Nueces County Sheriff's Deputy.

This evidence merely indicates that the sheriff's deputies present at the scene were performing their duties as law enforcement officers. The evidence does not raise a fact issue whether the County was exercising ownership or control over Chapman Ranch Road.

■ The appellants complain that the trial court erred by taking judicial notice that Chapman Ranch Road was a State highway. Even if this complaint had been preserved,[2] we need not address the merits because the County's summary judgment evidence establishes that Chapman Ranch Road was controlled, maintained, and owned solely by the State of Texas during the year 1987. We hold that the summary judgment evidence establishes that Nueces County did not own or control the premises on which the incident occurred.

**2.** During the summary judgment hearing, the trial judge said, "This Court can take judicial notice that that road [Chapman Ranch Road] is a state highway, too, as I understand the law." Counsel for the appellants responded, "Judge, I would object to that. I understand that the Court has the prerogative." In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely objection stating the *specific grounds* for the ruling he desired the court to make if the specific grounds were not apparent from the context. Tex. R.App.P. 52(a). Here, counsel did not state the specific grounds for the ruling he desired the court to make, and the specific grounds were not apparent from the context.

The trial court's judgment is AFFIRMED.