Lavern COUCH, Individually and as Next Friend for Michael Brent Couch, a Minor Child, Appellant,

v.

ECTOR COUNTY, Texas, Appellee.

No. 08–92–00319–CV.

Court of Appeals of Texas, El Paso.

Aug. 4, 1993.

Matt L. Thomas, Law Offices of Matt L. Thomas, Odessa, for appellant.

Jack Q. Tidwell, Scott M. Tidwell, McMahon, Tidwell, Hansen, Atkins & Fowler, P.C., Odessa, for appellee.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

## OPINION

OSBORN, Chief Justice.

The opinion of this Court dated June 30, 1993 is set aside, the Appellee's Motion for Rehearing is overruled, and the following is the opinion of the Court.

This appeal is from a summary judgment denying recovery in a personal injury suit based upon the doctrine of sovereign immunity and the absence of any duty on the part of the County to remove trees along a county street. We reverse and remand.

### Facts

In August 1990, Michael Couch was driving his motorcycle on West 26th Street in Ector County when he struck a pickup truck driven by Donald Aron Winkley. Couch alleged that Winkley pulled into the street without seeing him because Winkley's vision was obstructed by two large trees located on an Ector County easement and right-of-way. Couch alleged that the trees constituted a special defect in the road, and that Ector had a duty to warn the traveling public of the condition of the roadway created by the trees, or else to trim or remove the trees. Ector County pleaded sovereign immunity as a bar to the alleged cause of action. It filed a motion for summary judgment based upon its sovereign immunity and asserted that counties have no proprietary functions and that it had no duty with regard to the trees or other vegetation along the roadway. Couch filed a response and asserted that the cause of action alleged against the County was for the negligent performance of certain governmental functions as well as the maintenance of "special defects". The response alleged that amendments to the Texas Tort Claims Act in 1987 made the maintenance of streets a governmental function resulting in

Ector County being liable for traffic hazards.[1] Couch also responded that there was a duty to warn of special defects such as obstructions on highways, roads or streets. The trial court granted the motion for summary judgment and entered a take-nothing judgment.

## Governmental Immunity

Governmental immunity consists of two basic principles of law. First, the state and its subdivisions, as sovereigns are immune from suit without consent even though there is no dispute regarding the state's liability. Second, the state has immunity from liability even though it has consented to be sued. *Dillard v. Austin Indep. Sch. Dist.*, 806 S.W.2d 589 (Tex.App.—Austin 1991, writ denied). But there are exceptions. First, there is no immunity for the performance of proprietary functions by a city. *City of Austin v. Daniels*, 160 Tex. 628, 335 S.W.2d 753 (1960). Second, there is no immunity when entering into a contract. *Fristoe v. Blum*, 92 Tex. 76, 45 S.W. 998 (1898); *Dillard*, 806 S.W.2d 589. Third, under the Texas Tort Claims Act, the state and its subdivisions waive immunity from suit and from liability with respect to certain acts, omissions and conditions specified in the Act. Texas Civil Practice and Remedies Code, Title 5, Governmental Liability. We also note that commissioner's courts are invested with the power and charged with the duty of creating and maintaining adequate county roads. TEX. REV.CIV.STAT.ANN. art. 6702–1, § 2.002 et seq. (Vernon Supp.1993).

## Obstruction as a Special Defect

In *County of Harris v. Eaton*, 573 S.W.2d 177 (Tex.1978), the Court in a 5 to 4 decision, affirmed a judgment against the County on the basis that it was liable under the Texas Tort Claims Act for injuries arising out of an accident in which the plaintiff's car overturned after hitting a large hole in the asphalt pavement. The majority concluded that even though the county did not actually create the hole in the street, this condition was a special defect such as an excavation or obstruction. The Court concluded:

Whether created by the governmental unit, by natural forces or by third persons, the dangerous condition on the roadway is the same.... The proviso of section 18(b) was meant to enlarge the liability in some instances by imposing the duty to warn when there was a special defect. Accordingly, we hold that the abnormally large hole was a special defect and the County had the duty to warn as in the case of the duty one owes to an invitee.

573 S.W.2d at 179–80.

Just two years later, the Court in a 6 to 3 decision, upheld a judgment denying recovery for a tort committed by a municipality in failing to warn of a hole in a street. *Turvey v. City of Houston*, 602 S.W.2d 517 (Tex. 1980). The issue centered on liability under the Texas Tort Claims Act because notice had not been given so as to have a common law cause of action. The Court noted that maintenance of streets, including the duty to warn of a defect in the streets, is a proprietary function. It then pointed out that the Texas Tort Claims Act which became effective in 1970, expressly waives governmental immunity to the extent expressed in the Act but the Act does not apply to any proprietary function of a municipality. The Court noted that the distinction between proprietary and governmental functions does not apply to counties. It particularly noted that in *Eaton*, it was only dealing with the liability of a county which did not perform any proprietary function.

A month after its decision in *Turvey*, the Court in a common law negligence case, held in *Jezek v. City of Midland*, 605 S.W.2d 544 (Tex.1980) that the maintenance of streets in a safe condition is a proprietary function and that a city is liable for its negligence in the performance of this function. This was a common law negligence case and did not involve any waiver of liability under the Texas Tort Claims Act. In dealing with the common law negligence duty, the Court added:

We recognize the problem of imposing this type of duty on counties. It would be a rigorous burden indeed for a rural coun-

---

1. See TEX.CIV.PRAC. & REM.CODE ANN. § 101.- 0215(a)(4) (Vernon Supp.1993).

ty in a state such as Texas to police and remove vegetation from roads when they cause visual obstruction. This, however, is not the case before us. Our case is based upon a theory of proprietary function of government. Counties in Texas have no proprietary functions and thus would have no duty in this area.

605 S.W.2d at 547.

We must conclude from that language that a county which performs no proprietary functions has no common law duty to remove obstructions along a street, as does a municipality. But there can be liability under the Texas Tort Claims Act if the trees constitute a special defect. In *Hamric v. Kansas City S. Ry. Co.*, 718 S.W.2d 916 (Tex.App.—Beaumont 1986, writ ref'd n.r.e.), the Court noted that counties in our state do not have proprietary functions that would give rise to a duty or responsibility to remove obstructions of grass and weeds at an intersection. In *IDC, Inc. v. County of Nueces*, 814 S.W.2d 91 (Tex.App.—Corpus Christi 1991, writ denied), recovery was denied on a claim for personal injuries sustained when a vehicle struck a large hole in a road and was propelled into the air. The Court noted that if Nueces owned the premises (the ranch road) then it owed a duty to the appellants as delineated in the Texas Tort Claims Act. Otherwise, no duty was owed. The Court concluded that the road was controlled, maintained and owned solely by the state of Texas, no duty was owed by the county and summary judgment was affirmed.

The holding in *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235 (Tex. 1992) is not controlling. In that case, the culvert was built and maintained by the state. Liability of a county was not involved. But in a footnote, the Court listed several cases where courts of this state have recognized that conditions threatening normal users of a road may be special defects even though they do not occur on the surface of a road. One such case is *Chappell v. Dwyer*, 611 S.W.2d 158 (Tex.Civ.App.—El Paso 1981, no writ).

*Summary*

Counties have no common law duty to remove or warn of obstructions. *Jezek v. City of Midland.* Counties have a statutory duty, and immunity has been waived, to remove or warn of special defects where the county maintains the highway. *County of Harris v. Eaton.* Counties have no duty where the state maintains the highway. *IDC, Inc. v. County of Nueces.* Where there is a special defect, the duty requires an owner to use ordinary care to protect an invitee from a dangerous condition of which the owner is or reasonably should be aware. *State Dep't of Highways & Pub. Transp. v. Payne.* In this case, there is no evidence that this street in Ector County was owned or maintained by the state. There is no evidence of any warning of an obstruction which could constitute a special defect. Without proof of one or the other, the County has not established its right to summary judgment as against an allegation of a special defect on a street located in the County. Point of Error No. One is sustained. Point of Error No. Two is moot.

The judgment of the trial court is reversed and the case is remanded to the trial court.