**Ricky SIPES and Jamie Sipes, Appellants,**

v.

**CITY OF LONGVIEW, Appellee.**

No. 06–96–00001–CV.

Court of Appeals of Texas, Texarkana.

Argued July 9, 1996.

Decided July 17, 1996.

Rehearing Overruled Aug. 6, 1996.

Frank Supercinski, Longview, for appellants.

Stephen W. Howard, Longview, for appellee.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

## OPINION

STARR, Justice.

This is a personal injury case grounded in negligence. It arises out of an automobile collision. Appellants seek reversal of a summary judgment granted to the City of Longview. We must determine whether the City of Longview owed a duty to appellants to eliminate or warn of tall grass in the median of U.S. Highway 80 at the location of the accident, which occurred inside the city limits of the City of Longview. Appellants contend that an unreasonable risk of harm was presented to Jamie Sipes when she moved across the westbound lanes of Highway 80 at a crossover leading to a convenience store on the south side of the highway.

In a previous appeal, this court affirmed the trial court's grant of a summary judgment to defendant, Mark Langford, who had a contract with the Texas Department of Transportation to mow the vegetation in the median. *See Sipes v. Langford*, 911 S.W.2d 455 (Tex.App.—Texarkana 1995, writ denied). The gravamen of that decision was that under his contract with the state, Langford was not required to monitor vegetation growth or mow at any time other than when he was directed to do so by the Texas Department of Transportation.

In granting the summary judgment to the City of Longview, the trial court included an order of severance. Thus, the case comes to us as a final judgment, leaving other parties, including the Texas Department of Transportation, at the trial court level.

The summary judgment evidence basically reflects that tall grass and other vegetation in the median between Sipes and a westbound vehicle driven by Brent McKnight prevented Sipes from seeing McKnight's car. McKnight could see only the top of the roof of the Sipes vehicle. From appellee's standpoint, the summary judgment evidence reflects that the location of the accident, although within the city limits, was a part of the state highway system. The state arranged for mowing by contract with a mow-

ing contractor. There was no contract between the state and the city under which the city obligated itself to assume responsibility for mowing or maintenance of the right of way. Neither the city nor any of its employees assisted or in any way participated in the upkeep of the median.

 To establish liability in tort, the plaintiffs must prove the existence and violation of a duty owed to them by the city. *Abalos v. Oil Dev. Co.*, 544 S.W.2d 627, 631 (Tex.1976). The determination of the existence of a legal duty under the circumstances is a question of law for the court. *See Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex.1983). A defendant who moves for summary judgment has the burden of showing as a matter of law that no material issue of fact exists as to one or more of the essential elements of the plaintiffs' cause of action. *Citizens First Nat'l Bank v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex.1976). In deciding whether a material fact issue precludes summary judgment, the court takes as true all summary judgment evidence favoring a nonmovant and resolves all doubts and reasonable inferences in the nonmovant's favor. *Nixon v. Mr. Property Management*, 690 S.W.2d 546 (Tex.1985).

In presenting its motion for summary judgment, appellee relied heavily on *Hamric v. Kansas City S. Ry. Co.*, 718 S.W.2d 916 (Tex.App.—Beaumont 1986, writ ref'd n.r.e.); *IDC, Inc. v. County of Nueces*, 814 S.W.2d 91 (Tex.App.—Corpus Christi 1991, writ denied); and *Couch v. Ector County*, 860 S.W.2d 659 (Tex.App.—El Paso 1993, no writ). The *Hamric* case is factually similar to the circumstances of the accident in the instant case. It involved tall grass and impaired vision. There, a municipality was not involved. The court placed responsibility squarely upon the state:

> We decide that maintaining, efficiently, the rights of way of the State Highway System includes the mowing of grass and weeds so that tall Johnson grass, thick weeds, grass, and tall, thick, vegetation will not impair the view and lookout of motorists in a manner that jeopardizes or endangers their safety when approaching

an intersection of highways. The duty is to exercise reasonable care.

718 S.W.2d at 919.

By dicta, the court absolved the accident site county (which was not a party) from any responsibility upon the rationale that counties do not have a proprietary function that would give rise to a duty or responsibility in this area of the law. *Id.* at 919–20.

In *IDC,* the accident resulted when a vehicle struck a large hole in the road. The court noted that if Nueces County owned the premises, that is, the ranch road, it could be liable under the Texas Tort Claims Act. However, the court concluded that the road was controlled, maintained, and owned solely by the State of Texas. Consequently, no duty was owed by the county, and summary judgment was proper. 814 S.W.2d at 95.

The *Couch* case also involved visual impairment. Two large trees located on the Ector County easement and right of way obstructed a driver's view. The court distinguished the obligation of a county under *Jezek v. City of Midland,* 605 S.W.2d 544 (Tex.1980), which does not have a proprietary function, from a city, which does. The court reversed a summary judgment granted to the city because it was not shown "that this street in Ector County was owned or maintained by the state." 860 S.W.2d at 662.

Appellant contends that the vegetative obstruction in question was a "special defect" which gave rise to a duty of ordinary care on the part of the city, or a "premises defect" which imposed the duty owed to a licensee. However, these contentions do not address the issue of ownership and control as between the Texas Department of Transportation and the City of Longview. We are of the opinion that the delineation of responsibility is governed by TEX.TRANSP.CODE ANN. § 221.002 (Vernon 1996) (formerly TEX.REV. CIV.STAT.ANN. art. 6673b), which provides the following:

### § 221.002. Agreements With Municipalities

The commission and the governing body of a municipality, including a home-rule municipality, may agree to:

(1) provide for the location, relocation, improvement, control, supervision, and regulation of a designated state highway in the municipality; and

(2) establish the respective liabilities and responsibilities of the commission and the municipality under the agreement.

There is no showing that a contract was made under this provision. To the contrary, both parties urge in their briefs that there was no such agreement. Further, the summary judgment evidence reflects that the State of Texas retained control by entering into a contract with a mowing contractor and that the city never exercised any dominion over vegetative maintenance in the median. While appellee had the burden of negating ownership and control as a summary judgment movant, its summary judgment evidence to that effect was not controverted.

Appellants also contend the City of Longview is a home-rule city and, as such, has "exclusive and dominant control" over its highways, streets, and alleys. Appellants maintain that this is a "nondelegable" duty. In this regard, appellants rely on TEX. TRANSP.CODE ANN. § 311.001 (Vernon 1996):

### § 311.001. General Authority of Home-rule Municipality

(a) A home-rule municipality has exclusive control over and under the public highways, streets, and alleys of the municipality.

(b) The municipality may:

(1) control, regulate, or remove an encroachment or obstruction on a public street or alley of the municipality;

(2) open or change a public street or alley of the municipality; or

(3) improve a public highway, street, or alley of the municipality.

The case of *State v. City of Austin,* 160 Tex. 348, 331 S.W.2d 737 (1960), was a declaratory judgment action involving the constitutionality of legislation providing for the relocation of utility facilities necessitated by the improvement of highways. The Texas Supreme Court discussed relocation needs thusly:

There is no material difference in this respect between a utility company and a municipal corporation. For many years the cities and towns of Texas have enjoyed exclusive dominion and control over the streets, alleys and other public places within their respective corporate limits, but this was pursuant to a statutory delegation of authority. See Articles 1016, 1146 and 1175, Vernon's Ann.Tex.Civ.Stat. The Legislature acting for the state has primary and plenary power to control and regulate public roads and streets. It may delegate that power to counties or municipal corporations, but such a grant of authority may be revoked or modified at any time. See *Robbins v. Limestone County*, 114 Tex. 345, 268 S.W. 915; *West v. City of Waco*, 116 Tex. 472, 294 S.W. 832, 64 C.J.S. Municipal Corporations §§ 1686, 1689. The statutory power of cities and towns over public ways within their corporate limits has now been abridged by Sections 2 and 5 of House Bill 179. See Articles 6674w–1 and 6674w–5, Vernon's Ann.Tex. Civ.Stat. It is there provided that the State Highway Commission shall have the power to construct, maintain and operate designated state highways in any area of the state, whether in or outside the limits of any municipal corporation, and that the exercise of such power shall qualify and render inexclusive the dominion of any city or town with respect to the specific streets, alleys or other public ways affected thereby.

331 S.W.2d at 741.

■ Today, in our opinion, the Transportation Code (in addition to its precursor statutes) places the maintenance and improvement of the state highway system under the "exclusive and direct control" of the Texas Department of Transportation and charges the Texas Transportation Commission with providing for the "efficient maintenance of the system." TEX.TRANSP.CODE ANN. §§ 224.031, 224.032 (Vernon 1996). The Code then provides that the department may contract with counties, TEX.TRANSP.CODE ANN. § 224.033 (Vernon 1996), transportation corporations, TEX.TRANSP.CODE ANN. § 224.062 (Vernon 1996), and municipalities (including a home-rule municipality) as to the improvement, control, or supervision of a designated state highway. TEX.TRANSP.CODE ANN. § 221.002 (Vernon 1996). Where, however, the department chooses to retain maintenance control, as it did in this case by contracting with Langford, there would be no basis in law for construing the "home-rule" provisions of the Transportation Code to bring about a contrary result. In this regard, we note that Section 311.001 upon which appellants rely falls under SUBTITLE E. MUNICIPAL STREETS, whereas the Code provisions to which we now refer fall under SUBTITLE B. STATE HIGHWAY SYSTEM. Consequently, we hold that the fact that the City of Longview is a "home-rule" municipality, standing alone, without a showing of ownership, dominion, or control of the median at that location, does not create any duty as to either a "special defect" or "premises defect." Also, in the absence of some ownership or control by the City of Longview, there can be no "nondelegable" duty for the breach of which appellants might recover in this case.

■ Appellants also contend that municipal ordinances of the City of Longview provide a standard of care constituting negligence with respect to grass and weed height within the city. The ordinances provide that a land owner or occupier may not permit grass or weeds to grow to a height greater than twelve inches. Cutting and removal is required as often as may be necessary to comply. While the ordinances allow the city to mow such grass at the owner's expense, the provisions do not require the city to do so. We do not interpret these municipal ordinances under Longview Code, Chapter 14, GARBAGE, TRASH AND WEEDS, to impose a duty upon the city to mow the median of a highway within the state highway system.

We hold that the trial court correctly concluded that the City of Longview owed no duty to appellants to eliminate or warn of tall median grass at the location of the accident made the basis of this suit.

We affirm.