11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Robert Johnson and Ann Johnson, Individually and as Survivors, 

Natural Parents, Heirs, and Representatives of the Estate of
Christopher

Johnson, a Minor, Deceased

 

Appellants

Vs.                   No.
11-00-00331-CV B Appeal from Brown County

Brown County

Appellee

                                                                              

This is an
appeal from a summary judgment.  Because
we hold that Brown County owed no duty in this negligence case, we affirm the
judgment of the trial court.

Appellants= 12-year-old son was killed in an accident at
the intersection of County Road 156 and County Road 163.  The intersection is located in the rural
areas of Brown County.  The accident
occurred when a third party, Bernardo Florido, drove his pickup into the
intersection and collided with a bicycle being ridden by appellants= son. 
Tall grass and weeds obscured the view to the intersection.  Appellants assert that it was Brown County=s duty to keep the grass and the weeds mowed
so that they would not obstruct the view of the intersection.  In the alternative, appellants maintain
that, even if the mowing had not been Brown County=s duty originally, the County had assumed
that duty by undertaking to mow the grass and weeds on occasions prior to the
accident.

After
appellants filed their lawsuit, Brown County filed a plea to the jurisdiction
and a motion for summary judgment.  The
trial court denied the plea to the jurisdiction, and that ruling is not a part
of this appeal.  In its motion for
summary judgment, Brown County claimed among other things that it had no duty
to mow the grass and weeds at the intersection.  The trial court granted that motion but did not give reasons for
granting the motion.[1]  When a trial court does not give reasons for
granting a motion for summary judgment, the ruling will be upheld if any of the
grounds advanced are meritorious.  Carr
v. Brasher, 776 S.W.2d 567, 569 (Tex.1989).








In three
issues on appeal, appellants claim that: 
(1) as a matter of law, Brown County owed a duty to mow the intersection
or, alternatively, that the County had assumed the duty; (2) Brown County was
liable under a premise defect theory; and (3) fact issues remained whether the
condition of the intersection constituted a special defect.

A trial
court properly grants a motion for summary judgment filed under TEX.R.CIV.P.
166a(c) if the movant shows that it is entitled to judgment as a matter of
law.  American Tobacco Company, Inc. v.
Grinnell, 951 S.W.2d 420 (Tex.1997).  To
prevail upon a motion for summary judgment, a defendant must disprove as a
matter of law at least one essential element of the non-movant=s causes of action.  American Tobacco Company, Inc. v. Grinnell, supra at 425.  The movant must show that there are no
genuine issues of material fact and that judgment should be granted as a matter
of law.  Nixon v. Mr. Property
Management Company, Inc., 690 S.W.2d 546 (Tex.1985).  All evidence favorable to the non-movant must be taken as true,
and all reasonable doubts must be resolved in favor of the non-movant.  Nixon v. Mr. Property Management Company,
Inc., supra.

This case
is presented to us in a posture that is directed more toward a general lack of
duty in negligence cases than to governmental immunity.  However, some general statements regarding
governmental immunity are necessary for a discussion and understanding of this
case. 

Generally,
a governmental unit is entitled to immunity. 
That immunity can be waived. 
The  legislature has provided for
waiver of sovereign immunity in certain instances set forth in the Texas Tort
Claims Act.[2]  The instances of waiver are limited and are
narrowly defined.  Texas Department of
Criminal Justice v. Miller, 44 Tex. Sup. Ct. J. 963 (June 21, 2001).  Those instances in which the legislature has
provided for waiver of immunity, as relevant here, are set forth in Section
101.021 which provides in relevant part:

A governmental unit in this State is liable
for:

 

(2)
personal injury and death so caused by a condition or use of tangible personal
or real property if the governmental unit would, were it a private person, be
liable to the claimant according to Texas 
law. 

 

 

 








Regarding a condition of property, Section
101.022 provides:

 

(a) If a
claim arises from a premise defect, the governmental unit owes to the claimant
only the duty that a private person owes to a licensee on private property,
unless the claimant pays for the use of the premises.

 

(b) The
limitation of duty in this section does not apply to the duty to warn of
special defects such as excavations or obstructions on highways, roads, or
streets or to the duty to warn of the absence, condition, or malfunction of
traffic signs, signals, or warning devices as is required by Section 101.060.

 

Appellants= cause of action is based upon alleged
negligent acts of Brown County.  One
element of a negligence cause of action is the existence of a legal duty owed
to another.  Greater Houston
Transportation Co. v. Phillips, 801 S.W.2d 523, 525 (Tex.1990).  If Brown County conclusively establishes
that it owed no duty, then it has disproved an element of appellants= cause of action and was entitled to the
summary judgment, regardless of any question of governmental immunity.

The Texas
Tort Claims Act does not create legal duties; it simply provides for waiver of
immunity in certain instances.[3]  Fort Bend County Drainage District v.
Sbrusch, 818 S.W.2d 392 (Tex.1991). 
Section 101.022 does not create legal duties; it merely defines the
scope of a duty which otherwise exists. 
If one has a duty regarding a condition of real or personal property (a
premise or special defect), then Section 101.022 defines the extent of that
duty.  If there is no existing duty,
then Section 101.022 cannot be used to define or to limit the scope of that
nonexistent duty.  Section 101.022 is a
measurement of an otherwise existing duty, not a creation of duty where none
exists.  Where there is no duty, an
analysis under Section 101.022 regarding premise defects and special defects
and the attendant limitations of duty is unnecessary and inappropriate.

The
existence of a duty is a question of law for the court to decide from the facts
of a particular case when the essential facts are undisputed.  Greater Houston Transportation Co. v.
Phillips, supra at 525.  Here, the
essential facts regarding the initial duty question are undisputed.  

 








The Supreme Court=s opinion in Jezek v. City of Midland, 605
S.W.2d 544, 547 (Tex.1980), is instructive:

We
recognize the problem of imposing this type of duty on counties.  It would be a rigorous burden indeed for a
rural county in a state such as Texas to police and remove vegetation from
roads when they cause visual obstruction. This, however, is not the case before
us.  Our case is based upon a theory of
proprietary function of government. 
Counties in Texas have no proprietary functions and thus would have no
duty in this area.  

 

Appellants
rely upon Couch v. Ector County, 860 S.W.2d 659 (Tex.App. - El Paso 1993, no
writ)(overruled on other grounds by Federal Sign v. Texas Southern University,
951 S.W.2d 401 (Tex.1997)), for their argument that liability exists because
the condition at the intersection was a special defect.  Because we do not believe that the Texas
Tort Claims Act creates duties, but rather defines the scope of duties
otherwise existing, we decline to follow Couch.  See also Anderson v. Anderson County, 6
S.W.3d 612 (Tex.App. B Tyler
1999, pet=n den=d); Sipes v. Texas Department of Transportation, 949 S.W.2d 516
(Tex.App. B Texarkana 1997, writ den=d). 
Following the instruction of our Supreme Court, we hold that counties
have no duty to mow county roads.  See
also Hamric v. Kansas City Southern Railway Company, 718 S.W.2d 916, 919
(Tex.App. - Beaumont 1986, writ ref=d n.r.e).

Appellants
urge that, even if there is no legal duty placed upon Brown County, the County
nevertheless assumed such a duty by undertaking to mow the intersection on
prior occasions.  We disagree.

The court
in Colonial Savings Association v. Taylor, 544 S.W.2d 116, 119 (Tex.1976),
wrote:

[O]ne who voluntarily undertakes an
affirmative course of action for the benefit of another has a duty to exercise
reasonable care that the other=s person or property will not be injured thereby. 

 








However,
the duty to exercise reasonable care in performing an undertaking which has
been voluntarily assumed is limited to that particular instance and does not
give rise to a duty to perform additional acts in the future.  Colonial Savings Association v. Taylor,
supra.  Such an obligation will arise if
the actor has, by giving the assistance, put the other in a worse position than
it was before.  A person is in Aa worse position if the actual danger to him
has been increased...or if in reliance he has been induced to forego other
opportunities of obtaining assistance.@  Fort Bend County Drainage
District v. Sbrusch, supra at 397.  Such
is not the case here.

The fact
that Brown County mowed the intersection on prior occasions is taken as
true.  But, at the conclusion of each of
those occasions, Brown County=s voluntary service was at an end. 
In this case, there is no claim that Brown County negligently performed
its voluntary acts, only that it failed to continue them.  We hold that Brown County did not assume any
duty to continually mow the intersection in question.  Appellants= first issue is overruled.

In
summary, an element of a negligence cause of action is the existence of a legal
duty.  A county has no legal duty to mow
rural roads.  Therefore, Brown County is
not liable in this negligence cause of action.

In view of
our holding that Brown County owed no duty to mow the intersection, it is not
necessary for us to write in detail upon the issues regarding premise defects
and special defects.  As we have
discussed, there is no duty.  Appellants= second and third issues are overruled.

The trial
court correctly granted Brown County=s motion for summary judgment. 
The judgment of the trial court is affirmed.

 

JIM
R. WRIGHT

JUSTICE

 

September 6, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.

 

 











[1]The trial court did write a letter to the parties in
which it advised that the motion was being granted because Brown County owed no
duty to mow the intersection.  The
letter also stated that the condition of the intersection was not a special
defect.





[2]TEX. CIV. PRAC. & REM. CODE ANN. ' 101.001 et seq. (Vernon 1997 & Supp. 2001).





[3]Because we decide this case on the basis of lack of
duty, we do not reach the question of whether governmental immunity was waived
in this case.