Cristina TORRES, Juan R. Esquivel, Blanca Capetillo, Anna M. Guerra, and Rosa Maria Esquivel, Individually and as the Representative of the Estate of Ricardo Esquivel, Appellants,

v.

TEXAS DEPARTMENT OF TRANSPORTATION, Appellee.

No. 13-01-125-CV.

Court of Appeals of Texas, Corpus Christi-Edinburg.

Aug. 29, 2002.

---

Adolfo E. Cordova, San Benito, for Appellant. Margie Manzano Corbett, Assistant Attorney General, Transportation Division, Austin, for Appellee.

Before Justices DORSEY, YAÑEZ, and CHAVEZ.[1]

**OPINION**

Opinion by Justice DORSEY.

Appellants, Christina Torres, Juan R. Esquivel, Blanca Capetillo, Anna M. Guerra, and Rosa Marie Esquivel, individually and as the representatives of the Estate of Ricardo Esquivel, filed a wrongful death and survival action against the Texas Department of Transportation (the State) fol-

lowing an auto-pedestrian collision which killed Ricardo Esquivel as he was crossing State Highway 77 in San Benito, Texas at a point where a street light was not working. The trial court granted summary judgment for the State on the basis that it had no duty to maintain the street light in question. The issue is whether the State's contract with the City of San Benito effectively relieved the State of the duty to maintain the street light in question. We hold that the State did not conclusively establish by competent summary judgment evidence that the contract did relieve it of such liability, and, accordingly, reverse and remand.

I. ALLEGATIONS AND PROCEDURAL HISTORY

On December 27, 1999, Ricardo Esquivel was crossing State Highway 77 in San Benito when a vehicle driven by Sabas Pena hit and killed him. A street light to illuminate State Highway 77 at or near the point of impact was not working. It is alleged that this absence of illumination impaired Pena's view of the roadway and Esquivel, thus contributing to Pena's running over Esquivel. Appellants sued the State for negligence in failing to properly maintain and inspect the lighting system along State Highway 77 where the collision occurred.

The State moved for summary judgment on the basis that as a matter of law it had no duty to maintain the street light in question, because prior to the incident, it had entered into a Municipal Maintenance Agreement with the City of San Benito. The State alleged that the agreement relieved it of the duty to maintain the street light in question, and absent such a duty, no liability could be imposed. In their response appellants asserted that the

1. Retired Justice Melchor Chavez assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

agreement did not relieve the State of its duty to maintain the street light.

## II. Standard of Review

The standards for reviewing a summary judgment motion are well established: (1) the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether a disputed material fact issue exists precluding summary judgment, we take as true evidence favorable to the nonmovant; and (3) indulge every reasonable inference in the nonmovant's favor and resolve any doubts in its favor. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Summary judgment for a defendant is proper only when the defendant negates at least one element of each of the plaintiff's theories of recovery, *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997), or pleads and conclusively establishes each element of an affirmative defense. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

## III. Analysis

■ Before addressing the dispositive issue in this case we must answer appellants's initial argument that the State failed to plead in its answer that it owed them no duty. When a defendant relies on an affirmative defense it must specifically plead the defense in its answer. *See Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex.1991).[2] Here the State asserted in its original answer, "this

Defendant would show that if it owed Plaintiffs [appellants] any duty, which is not admitted but is expressly denied, it owed only that duty which a private person owes a licensee on private property." We conclude that this language is sufficient to put the plaintiffs on fair notice that the State was alleging no duty.

■ Turning to the merits of this case the law is well established that to prove a negligence claim a plaintiff must show that: (1) the defendant owed him a duty; (2) the defendant breached that duty; and (3) the breach of that duty proximately caused the plaintiff's injuries. *Firestone Steel Prod. Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex.1996). Duty is the threshold inquiry; a plaintiff must prove the existence and violation of a duty owed to him by the defendant to establish liability in tort. *Abalos v. Oil Dev. Co.*, 544 S.W.2d 627, 631 (Tex.1976). The existence of a duty is ultimately a question of law for the trial court to decide from the facts surrounding the occurrence in question. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990).

■ Section 221.002 of the Texas Transportation Code provides:

The commission[3] and the governing body of a municipality, including a home-rule municipality, may agree to:

(1) provide for the location, relocation, improvement, control, supervision, and regulation of a designated state highway in the municipality; and

---

**2.** In *Roark* the trial court granted summary judgment on the affirmative defense of no consideration, which was included in the grounds of the motion for summary judgment, but was not alleged in the petition. *Id.* at 493–94. The supreme court held a trial court can grant summary judgment on an unpleaded affirmative defense if: (1) the mo-

tion for summary judgment requested judgment on that ground; and (2) the opposing party does not object to the absence of a pleading, implying the parties tried the issue by consent. *Id.* at 494–95.

**3.** "Commission" refers to the Texas Transportation Commission.

(2) establish the respective liabilities and responsibilities of the commission and the municipality under the agreement.

Tex. Transp. Code Ann. § 221.002 (Vernon 1996). This section provides that the State may contract with municipalities concerning the improvement, control, or supervision of a designated state highway. *Id.; Sipes v. City of Longview,* 925 S.W.2d 764, 767 (Tex.App.-Texarkana 1996, writ denied). *See Alvarado v. City of Lubbock,* 685 S.W.2d 646, 648 (Tex.1985).

The State contends that the following language in the Municipal Maintenance Agreement between itself and the City of San Benito conclusively establishes that it contracted away its duty to properly maintain the street light in question:

> Subject to approval by the State, any State highway lighting system may be installed by the City provided the City shall pay or otherwise provide for all cost of installation, maintenance, and operation except in those installations specifically covered by separate agreements between the City and State.

█ While this portion of the Municipal Maintenance Agreement appears to pass to the City the obligation to maintain street lights installed by the City, relieving the State from maintenance duties, the State failed to provide summary judgment evidence establishing that the street light in question was subject to that provision of the agreement. First, the State provided no evidence showing that the City installed the street light in question. In fact, the State provided no evidence showing when the street light in question was installed, and because the State did not execute the Municipal Maintenance Agreement until January 24, 1998, the street light might not even be governed by the agreement, depending on whether the agreement was retroactive. The State produced no evidence regarding retroactive application of the Municipal Maintenance Agreement. Accordingly we hold that the State failed to meet its burden to conclusively establish that it effectively contracted away its duty to maintain reasonably safe lighting on State Highway 77 in San Benito. Thus, the trial court erred in granting summary judgment on that basis.

The State argues that the existence of a maintenance agreement between the City of San Benito and Central Power & Light Company (CP&L) establishes that the sole responsibility for maintaining the street light in question was assumed by either the City or CP&L. We disagree. Even though evidence does exist that indicates CP&L had contractually assumed the responsibility for maintaining the lighting at the time of the incident made the basis of this action in a contract with the City, this does not establish, as a matter of law, that the State had no further duty. Rather, it is merely evidence indicating that the City had assumed at least some responsibility for maintenance of the light and that it had contracted that responsibility to CP&L. However, without evidence conclusively showing that the light in question was subject to the provision of the Municipal Maintenance Agreement giving exclusive responsibility for maintenance of street lights installed by the City to the City and absolving the State from liability for a failure in this maintenance, the evidence regarding the contract between CP&L and the City of San Benito does not amount to proof sufficient to support summary judgment.

Accordingly we conclude that the summary judgment evidence did not establish, as a matter of law, that the State owed no duty to the deceased with regard to the maintenance of the street lights on State Highway 77 in San Benito. We hold that the trial court erred in granting summary

judgment for the State. We sustain the issue.

We REVERSE the trial court's judgment and REMAND the case for further proceedings consistent with this opinion.