NUMBER 13-01-125-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



CRISTINA TORRES, JUAN R. 

ESQUIVEL, BLANCA
CAPETILLO, 

ANNA M. GUERRA, AND
ROSA 

MARIA ESQUIVEL,
INDIVIDUALLY AND 

AS THE REPRESENTATIVE
OF THE 

ESTATE OF RICARDO ESQUIVEL,                                         Appellants,

 

                                                   v.

 

TEXAS
DEPARTMENT OF TRANSPORTATION,                          Appellee.

 

 



                        On appeal from the 197th District Court

                                 of Cameron
County, Texas.

 



 

                                   O P I N I O N

 








                     Before Justices Dorsey, Yañez, and Chavez[1]

                                  Opinion by Justice Dorsey

 

Appellants,
Christina Torres, Juan R. Esquivel, Blanca Capetillo, Anna M. Guerra, and Rosa
Marie Esquivel, individually and as the representatives of the Estate of
Ricardo Esquivel, filed a wrongful death and survival action against the Texas
Department of Transportation (the State) following an auto-pedestrian collision
which killed Ricardo Esquivel as he was crossing State Highway 77 in San
Benito, Texas at a point where a street light was not working.  The trial court granted summary judgment for
the State on the basis that it had no duty to maintain the street light in
question.  The issue is whether the State=s contract with
the City of San Benito effectively relieved the State of the duty to maintain
the street light in question.  We hold
that the State did not conclusively establish by competent summary judgment
evidence that the contract did relieve it of such liability, and, accordingly,
reverse and remand.

                           I. Allegations and Procedural History

 








On December 27,
1999, Ricardo Esquivel was crossing State Highway 77 in San Benito when a
vehicle driven by Sabas Pena hit and killed him.  A street light to illuminate State Highway 77
at or near the point of impact was not working. 
It is alleged that this absence of illumination impaired Pena=s view of the
roadway and Esquivel, thus contributing to Pena's running over Esquivel.  Appellants sued the State for negligence in
failing to properly maintain and inspect the lighting system along State
Highway 77 where the collision occurred.

The State moved
for summary judgment on the basis that as a matter of law it had no duty to
maintain the street light in question, because prior to the incident, it had
entered into a Municipal Maintenance Agreement with the City of San
Benito.  The State alleged that the
agreement relieved it of the duty to maintain the street light in question, and
absent such a duty, no liability could be imposed.  In their response appellants asserted that
the agreement did not relieve the State of its duty to maintain the street
light.

                                           I. Standard of Review

The standards
for reviewing a summary judgment motion are well established:  (1) the movant has the burden of showing that
no genuine issue of material fact exists and that it is entitled to judgment as
a matter of law; (2) in deciding whether a disputed material fact issue exists
precluding summary judgment, we take as true evidence favorable to the
nonmovant; and (3) indulge every reasonable inference in the nonmovant=s favor and
resolve any doubts in its favor.  Nixon
v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548‑49 (Tex. 1985).  Summary judgment for a defendant is proper
only when the defendant negates at least one element of each of the plaintiff's
theories of recovery, Science Spectrum, Inc. v. Martinez, 941 S.W.2d
910, 911 (Tex. 1997), or pleads and conclusively establishes each element of an
affirmative defense.  City of Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  








                                                    III. Analysis

Before
addressing the dispositive issue in this case we must answer appellants=s initial
argument that the State failed to plead in its answer that it owed them no
duty.  When a defendant relies on an
affirmative defense it must specifically plead the defense in its answer.  See Roark v. Stallworth Oil & Gas, Inc.,
813 S.W.2d 492, 495 (Tex. 1991).[2]  Here the State asserted in its original
answer, Athis Defendant
would show that if it owed Plaintiffs [appellants] any duty, which is not
admitted but is expressly denied, it owed only that duty which a private person
owes a licensee on private property.@  We conclude that this language is sufficient
to put the plaintiffs on fair notice that the State was alleging no duty.








Turning to the
merits of this case the law is well established that to prove a negligence
claim a plaintiff must show that:  (1)
the defendant owed him a duty;  (2) the
defendant breached that duty;  and (3)
the breach of that duty proximately caused the plaintiff's injuries.  Firestone Steel Prod. Co. v. Barajas,
927 S.W.2d 608, 613 (Tex. 1996).  Duty is
the threshold inquiry; a plaintiff must prove the existence and violation of a
duty owed to him by the defendant to establish liability in tort.  Abalos v. Oil Dev. Co., 544 S.W.2d
627, 631 (Tex. 1976).  The existence of a
duty is ultimately a question of law for the trial court to decide from the
facts surrounding the occurrence in question. 
Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525
(Tex. 1990).

Section 221.002
of the Texas Transportation Code provides:

The commission[[3]]
and the governing body of a municipality, including a home‑rule
municipality, may agree to:

 

(1) provide for
the location, relocation, improvement, control, supervision, and regulation of
a designated state highway in the municipality; 
and

 

(2) establish
the respective liabilities and responsibilities of the commission and the
municipality under the agreement.

 

Tex. Transp. Code Ann. ' 221.002
(Vernon 1996).  This section provides
that the State may contract with municipalities concerning the improvement,
control, or supervision of a designated state highway.  Id.; Sipes v. City of Longview,
925 S.W.2d 764, 767 (Tex. App.BTexarkana 1996,
writ denied).  See Alvarado v. City of
Lubbock, 685 S.W.2d 646, 648 (Tex. 1985).

The State
contends that the following language in the Municipal Maintenance Agreement
between itself and the City of San Benito conclusively establishes that it
contracted away its duty to properly maintain the street light in question: 

Subject to
approval by the State, any State highway lighting system may be installed by
the City provided the City shall pay or otherwise provide for all cost of
installation, maintenance, and operation except in those installations
specifically covered by separate agreements between the City and State.

 








While this
portion of the Municipal Maintenance Agreement appears to pass to the City the
obligation to maintain street lights installed by the City, relieving the State
from maintenance duties, the State failed to provide summary judgment evidence
establishing that the street light in question was subject to that provision of
the agreement.  First, the State provided
no evidence showing that the City installed the street light in question.  In fact, the State provided no evidence
showing when the street light in question was installed, and because the State
did not execute the Municipal Maintenance Agreement until January 24, 1998, the
street light might not even be governed by the agreement, depending on whether
the agreement was retroactive.  The State
produced no evidence regarding retroactive application of the Municipal
Maintenance Agreement.  Accordingly we
hold that the State failed to meet its burden to conclusively establish that it
effectively contracted away its duty to maintain reasonably safe lighting on
State Highway 77 in San Benito.  Thus,
the trial court erred in granting summary judgment on that basis.








The State
argues that the existence of a maintenance agreement between the City of San
Benito and Central Power & Light Company (CP&L) establishes that the
sole responsibility for maintaining the street light in question was assumed by
either the City or CP&L.  We
disagree.  Even though evidence does
exist that indicates CP&L had contractually assumed the responsibility for
maintaining the lighting at the time of the incident made the basis of this
action in a contract with the City, this does not establish, as a matter of
law, that the State had no further duty. 
Rather, it is merely evidence indicating that the City had assumed at least
some responsibility for maintenance of the light and that it had contracted
that responsibility to CP&L. 
However, without evidence conclusively showing that the light in
question was subject to the provision of the Municipal Maintenance Agreement
giving exclusive responsibility for maintenance of street lights installed by
the City to the City and absolving the State from liability for a failure in
this maintenance, the evidence regarding the contract between CP&L and the
City of San Benito does not amount to proof sufficient to support summary
judgment.

Accordingly we
conclude that the summary judgment evidence did not establish, as a matter of
law, that the State owed no duty to the deceased with regard to the maintenance
of the street lights on State Highway 77 in San Benito.  We hold that the trial court erred in
granting summary judgment for the State. 
We sustain the issue.

We REVERSE the
trial court=s judgment and
REMAND the case for further proceedings consistent with this opinion.

 

 

______________________________

J. BONNER DORSEY,

Justice

 

Publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 29th day of August, 2002.  











[1]Retired
Justice Melchor Chavez assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex.
Gov=t
Code Ann. '
74.003 (Vernon 1998).





[2]In Roark the
trial court granted summary judgment on the affirmative defense of no
consideration, which was included in the grounds of the motion for summary
judgment, but was not alleged in the petition. 
Id. at 493‑94.  The
supreme court held a trial court can grant summary judgment on an unpleaded
affirmative defense if:  (1) the motion
for summary judgment requested judgment on that ground;  and (2) the opposing party does not object to
the absence of a pleading, implying the parties tried the issue by
consent.  Id. at 494‑95.  





[3]ACommission@ refers to the Texas
Transportation Commission.