### T. A. EVANS v. SHERMAN, SHREVEPORT & SOUTHERN RAILWAY COMPANY.

Decided October 7, 1896.

**Railroads—Killing Stock—Animals Unlawfully at Large.**

For animals killed by its trains within the limits of a city where such stock was prohibited from running at large, though at a point where the road could have been lawfully fenced, a railroad company is liable only in case of negligent killing, though the stock was at large without fault of the owner.

APPEAL from the County Court of Hunt County.    Tried below before Hon. W. H. RAGSDALE.

*Evans & Hargrove*, for appellant.—A railroad company is liable to the owner for all stock killed and this without regard to the degree of care or negligence which may have attended it, absolutely and at all events, where the company has not fenced its road; and if the injury occurs in that part of an incorporated city or town where the company could lawfully fence its road but has neglected to do so, the fact that the animal injured is running at large in violation of a city ordinance will not be such contributory negligence as will defeat a recovery by the owner for the value of such stock so killed or injured.

If stock escape from the custody of the owner or his servant without the owner's fault or consent and stray upon the track of a railroad where the company might have lawfully fenced its track but had neglected to do so, and is injured or killed by the company's trains striking the animal, the company would be liable for the value of the animal, notwithstanding the injury may have occurred in a town or city where stock are prohibited from running at large; and whether it is negligence in the owner or not is at least a question for the jury.    3 Wood, Railway Law, sec. 418; Curry v. Railway, 43 Wis., 665; Railway v. Ducham, 4 Ill. Appeals, 178; Railway v. Brinkman, 14 Neb., 70; Ewing v. Railway, 72 Ill., 25, 404; Corwin v. Railway, 13 N. Y., 42; Brady v. Railway, 1 Hem. (N. Y.), 378.

*Craddock & Looney*, for appellee.—If an animal be killed by the locomotive or cars of a railway company, at a place where such animal

is forbidden to run at large, the company is not liable to the owner thereof for its value, unless it be shown that such killing is the result of gross negligence on the part of the employes operating such locomotive or cars. Railway v. Cocke, 64 Texas, 151; Railway v. Dunham, 68 Texas, 231.

It is not a question of contributory negligence on the part of appellant in permitting his animal to escape,—that is of no importance in determining the case in the absence of knowledge on the part of appellee that it had escaped and strayed upon the track. Because of the ordinance of the city danger of injury to animals at that place was improbable, and no actual knowledge of the danger being shown, appellee could have been held liable only upon proof of gross negligence. Railway v. Cocke, 64 Texas, 151; Railway v. Dunham, 68 Texas, 231.

FISHER, Chief Justice.— *Opinion.*—The appellee, in the operation of one of its trains, killed a mare, the property of the appellant, within the corporate limits of the city of Greenville, where stock was prohibited from running at large, and at a place where the track and right-of-way was not fenced, and where it could have been fenced.

There was evidence tending to show that the mare was tied with a rope by the son of appellant close to the right-of-way and that she broke the rope and was afterwards found killed close to the appellee's track. There is no evidence showing how she was killed, nor does it appear that the servants of appellee in operating its trains were guilty of negligence that in any manner caused the death of the mare.

The court instructed the jury that if the animal was killed within the limits of the city, where animals were by a valid ordinance prohibited from running at large, the plaintiff, in order to recover, must show that the defendant was guilty of gross negligence in causing the death of the mare. In opposition to this charge the appellant requested a charge to the effect that if the animal was killed at a place where the track could have been fenced, although within the territory where animals were prohibited from running at large, to find for plaintiff.

The fact that the railway neglected to fence its track at place where it could have been fenced does not burden it with liability for killing stock upon its track within the limits of the territory where stock is prohibited from running at large, unless its negligence was the cause of the death. As said in Railway v. Dunham, 68 Texas, 234, "Railroad companies are entitled to presume that every person will comply with the law which forbids the owner to allow his animals to run at large. Hence they are excused from the exercise of such care as is exacted of them when animals are permitted to run at large." Notwithstanding the fact that the railway had not fenced its track, it had the right to assume that stock would not invade its track at a place where animals were prohibited from running at large, and that safeguards and preventive means usually required at other localities were not necessary in these prohibited limits. It certainly could not be required that the

railway company should fence against animals which the law says should not run at large. And the correct doctrine upon this question is that the railway, in such a case, is only liable when the killing is the result of its negligence. Railway v. Dunham, 68 Texas, 234.

The fact that the owner of the animal was not at fault in permitting it to wander upon the track does, not increase the burden or responsibility of the railway company and make it liable, except in the way just stated in the general rule. The caution of the owner does not, in a case of this kind, have the effect of increasing the care of the railway company and burdening it with an extra duty in the premises.

In view of the facts, the judgment in favor of the railway company was correct, and it is accordingly affirmed.

*Affirmed.*