RED RIVER, TEXAS & SOUTHERN RAILWAY COMPANY v.
L. L. DOOLEY.

Decided April 2, 1904.

**1.—Railroads—Killing Live Stock Running at Large in Violation of Statute.**

In an action against a railroad company for the killing of horses permitted by the owner to run at large in a county where the stock law prohibiting this was in force, it was error to admit evidence showing a defective condition of the fence inclosing the railroad right of way, since the duty of maintaining such fence is not, as to injury to stock, obligatory on the railroad company where stock are prohibited from running at large.

**2.—Same—Rule as to Negligence.**

In such case the railroad company can not be held liable for stock killed on the track except on proof showing negligence upon the part of its train operatives in failing to prevent the injury after the discovery of the animals on or dangerously near the track, or otherwise showing such gross negligence as would be tantamount to this, since the animals are trespassers under the circumstances and their bare presence on the track is negligence on the part of their owners.

**3.—Same—Animals Escaping from Owner.**

The fact that the animals escaped from the owner and were at large without his knowledge does not affect the case, since it was his duty to prevent their running at large.

Appeal from the County Court of Denton. Tried below before Hon. I. D. Ferguson.

*McReynolds & Hay* and *Head & Dillard,* for appellant.

*J. D. Cottrell,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellee sued appellant to recover the sum of $250 for the killing of two horses belonging to him. The negligence relied upon consisted of carelessness in the operation of the train of cars which killed said horses, defective stock gap or cattle-guard over which the animals entered, failure to keep a proper lookout to discover the stock upon the track, and lastly the failure to use the means at hand to prevent such killing after the animals were discovered upon the track. The appellant replied that if appellee's horses were killed by it they were running at large contrary to the stock law in force in Denton County, as provided by the Act of 1899. There was judgment for appellee in the sum of $150.

We think the court erred in admitting the testimony of the witnesses Dooley, Smith and Walker, with reference to the condition of the stock gap on appellant's right of way, over which the animals in question are shown to have crossed immediately prior to the killing. In view of the undisputed fact that there is in force in Denton County the general stock law making it unlawful for appellee's horses to be allowed to run at large, such testimony was irrelevant and immaterial. Liability could not be predicated upon such negligence. Appellant can not be held liable for killing these horses upon the ground that it had failed to fence in its track within the meaning of the statute defining the lia-

bility of railroad companies for killing stock, because it is undisputed that appellant had fenced in its track at the point where such horses entered and were killed. The evidence indicates a want of ordinary care to keep such fence in repair, and if this were material in the present case the testimony above referred to would of course be proper. But we understand the rule to be in this State, that where stock not permitted by law to run at large go upon a railroad track which has been fenced in, and are there killed by a locomotive or cars of a railroad company, that such company can only be held liable in damages upon alleging and proving negligence upon the part of its train operatives in failing to prevent the injury after the discovery of the presence of such animals on or dangerously near the track, or otherwise showing such gross negligence as would be tantamount to this. The duty devolves upon those operating a train of cars after discovering an animal in such place of danger to exercise a proper degree of care to prevent injury. But until such discovery we think they are authorized to presume that the owners of animals forbidden by law to run at large will not permit them to escape in violation of law and be found upon a railroad track. And because of the permitted indulgence of this presumption it is immaterial to inquire whether the operatives of the train exercised ordinary care to keep a lookout to discover such animals. In such place, under these circumstances, the animals are trespassers, and their bare presence is negligence upon the part of their owner. International & G. N. Ry. Co. v. Cocke, 64 Texas, 151; International & G. N. Ry. Co. v. Dunham, 68 Texas, 231; Houston & T. C. Ry. Co. v. Jones, 16 Texas Civ. App., 179, 40 S. W. Rep., 745; Missouri K. & T. Ry. Co. v. Alley, 32 Texas Civ. App., —, decided by this court May 16, 1903, and not yet reported.

We do not agree with appellee in his contention that the animals in question being at large without his knowledge would alter the rule as above announced. Under the terms of the stock law in force in Denton County (Acts of Leg., 1899, sec. 13, p. 202) it is declared to be "unlawful to permit to run at large" within said county any animals of the class to which appellee's belonged. This we construe to mean that it is the duty of the owners of such animals to prevent their running at large, and not merely that he is forbidden to knowingly permit their freedom. See City of Paris v. Hale, 13 Texas Civ. App., 386; Evans v. Railway Co., 14 Texas Civ. App., 437, 37 S. W. Rep., 93; Frazer v. Bedford, 66 S. W. Rep., 573.

Since the pleadings and the evidence raise an issue which, according to the above discussion, would render appellant liable for failure to exercise ordinary care to prevent injuring appellee's horses after discovering their dangerous position, the judgment will be reversed for another trial.

*Reversed and remanded.*