Matthew R. LEVESQUE, Jo Lynn Barnett, Individually and as Next Friend of Codie Michael Barnett, Samuel Gerard Romano, Individually and as Next Friend of Samuel Gerard Romano, Jr., and the Estate of William H. McEwin, Deceased, Appellants,

v.

Richard B. WILKENS, III and Sunny Wilkens Ernst, Appellees.

No. 14–00–00120–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 16, 2001.

Gerald E. Bourque, Spring, for appellants.

Gilbert Torres, Texas City, Bruce P. Mayer, Jill A. Schaar, Teri J. Dobbins, Houston, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and SEYMORE.

## OPINION

ANDERSON, Justice.

This appeal addresses whether a landowner as lessor is liable for damages caused by an escaped bull owned by the lessee.

Appellants, Plaintiffs below, Matthew R. Levesque, et. al., collectively Levesque, appeal the summary judgment granted by the trial court in favor of appellees, Richard B. Wilkens, III and Sunny Wilkens Ernst (Appellees/Landowners). In three points of error, Levesque contends: (1) case law supports the existence of a duty running from Landowners to Levesque; (2) a genuine issue of material fact exists concerning whether Landowners breached a duty of reasonable care to Levesque; and (3) the trial court erred in granting "no evidence" summary judgment in favor of Landowners. We affirm.

## FACTUAL BACKGROUND

Landowners are a brother and sister who own ninety acres of land set back approximately 2,250 feet back from Interstate 45 in Galveston County. Landowners leased the land to James R. Frazier, who pastured cattle on the property, including the peripatetic bull at issue here. Under the express terms of the lease, Frazier as lessee was responsible for maintaining the fencing around the property. Landowners did not reserve the right under the lease to re-enter or inspect the property.

On or about August 15, 1996, Levesque, et. al. were occupants of three motor vehicles, each of which was traveling southbound on Interstate 45 in Galveston County. All three cars collided with a bull that suddenly appeared on the highway, causing serious personal injuries to the occupants of the vehicles. The bull, owned by Frazier, had escaped from the leased property. Over the course of the proceedings below, Levesque collectively sued seven defendants, including Landowners.

Defendant Landowners moved for summary judgment against all plaintiffs. On August 20, 1999, the trial court granted summary judgment for Landowners. On November 18, 1999, the trial court signed an Order of Severance and Final Judgment severing all claims presented by the plaintiffs against the Landowners. The severance order made the interlocutory summary judgment a final order for purposes of appeal. Thereafter Levesque brought this appeal.

In the first point of error, Levesque asks this Court to recognize a duty requiring Landowners to prevent their lessee's cattle from wandering onto the public highway. It is fundamental that the right of recovery for an injury sustained by the plaintiff as a result of the defendant's conduct must be founded upon a legal duty of some character owed to the plaintiff with respect to the injury, and a violation of that duty by the defendant. *IDC, Inc. v. County of Nueces,* 814 S.W.2d 91, 93 (Tex. App.—Corpus Christi 1991, pet. denied). The threshold inquiry is whether Landowners, as lessor, owed a legal duty to Levesque to prevent the danger that caused their injuries. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995).

### I. Traditional Summary Judgment

Defendant Landowners moved for summary judgment under Rule 166a(b) of the Texas Rules of Civil Procedure and claim no duty is owed to Levesque because Texas Agricultural Code § 143.102 controls and places the duty squarely on the "person who owns or has responsibility for control" of the livestock.

### Standard of Review

Summary judgment is proper for a defendant if its summary judgment proof establishes, as a matter of law, there is no genuine issue of material fact concerning one or more of the essential elements of the plaintiff's cause of action. TEX.R. CIV. P. 166a(c); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). The purpose of summary judgment is the elimination of patently unmeritorious claims or untenable defenses; it is not intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (1952). The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985). When deciding whether there is a disputed material fact issue precluding summary judgment, the appellate court must take as true all evidence favorable to the non-movant. *Id.* Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.*

A defendant moving for summary judgment assumes the burden of showing as a matter of law that the plaintiff has no cause of action against him. *Guereque v. Thompson,* 953 S.W.2d 458, 462 (Tex.App.—El Paso 1997, pet. denied). A trial court should grant a defendant's motion for summary judgment if the defendant disproves at least one essential element of the plaintiff's cause of action. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997). When the trial court does not specify the grounds upon which it granted summary judgment, we will affirm if any of the movant's grounds support summary judgment. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989).

### Statutory Authority

Texas has never recognized the common law rule requiring restraint of cattle, by tethering or enclosure. *Clarendon Land, Inv. & Agency Co. v. McClelland,* 86 Tex. 179, 23 S.W. 576, 577 (1893). Notwithstanding legislative duty imposed through stock laws, the owner of cattle or stock in Texas has traditionally had the freedom to allow those animals to roam without liability for damages the animals caused as trespassers upon the land of others. *Gray v. Davis,* 792 S.W.2d 856, 857 (Tex.App.— Fort Worth, 1990) (finding no negligence or proximate cause where property owner adequately fenced his property). As a general rule, the rejection of the common law duty of animal owners to restrain their livestock rendered Texas "free range." *Gibbs v. Jackson,* 990 S.W.2d 745, 747 (Tex.1999) (holding that a person responsible for livestock has no common law duty to ensure that the animals do not stray onto farm-to-market roadways).

The framers of the 1876 Texas Constitution expressly delegated to the Legislature the power to deviate from the free-range rule by passing laws for the regulation and fencing of livestock. TEX. CONST. art. XVI, § 23; *Gibbs,* 990 S.W.2d. at 748. Accordingly, the Legislature has, pursuant to its constitutional grant of authority, established and repeatedly revised and amended its own scheme for determining when duties of restraint should or should not be imposed upon livestock owners.[1] *Id.* at 750. When examining amend-

---

1. For example, in response to the increase in the number of automobiles, in 1935 the Texas Legislature passed legislation prohibiting livestock owners from permitting their animals to cross or roam unattended on the right-of-way of a highway with adjacent fences. Act of

ments to existing legislation, it is presumed that the Legislature was aware of case law affecting or relating to the statute. *Grunsfeld v. State,* 843 S.W.2d 521, 523 (Tex.Crim.App.1992). The Legislature's comprehensive statutory scheme is now addressed by Chapter 143 of the Texas Agriculture Code, entitled "Fences; Range Restrictions," which states that a person who owns or has responsibility for the control of livestock may not knowingly permit the animal to traverse or roam at large, unattended, on the right-of-way of a highway. TEX. AGRIC. CODE § 143.101–102 (Vernon 1982). When determining legislative intent, we look to the language of the statute, its legislative history, and the objective sought. *Crown Life Ins. Co. v. Casteel,* 22 S.W.3d 378, 383 (Tex.2000).

When a statute is unambiguous, we apply its plain meaning. *Fleming Foods of Tex., Inc., v. Rylander,* 6 S.W.3d 278, 284 (Tex.1999). Statutory interpretation is a question of law over which the judge has no discretion. *Lozano v. Lozano,* 975 S.W.2d 63, 66 (Tex.App.—Houston [14th Dist.] 1998, pet. denied). The Legislature has placed an affirmative duty to prevent livestock from roaming onto public highways on the person who owns or controls the animal. The statute reads as follows:

> A person who *owns* or has *responsibility* for the control of a horse, mule, donkey, cow, *bull,* steer, hog, sheep, or goat may not knowingly permit the animal to traverse or roam at large, unattended, on the right-of-way of a highway.

TEX. AGRIC. CODE § 143.102 (Vernon 1982) (emphasis added).

The purpose of statutory construction is always to ascertain legislative

intent. *Harlow v. Hayes,* 991 S.W.2d 24 (Tex.App.—Amarillo 1998). Every word in a statute must be presumed to have been used for a purpose and every word excluded for a purpose. *Id.* In harmony with the settled rules of statutory construction, words in common use will generally be given their plain, natural and ordinary meaning, unless a contrary intent is clearly apparent from the context of the statute. *Byke v. City of Corpus Christi,* 569 S.W.2d 927, 932 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). In the language of this statute, the Legislature has specifically chosen to impose statutory liability on the person who owns or controls the animal, rather than on the owner of the land. If the Legislature had intended otherwise, it would have done so.

### *Lease Agreement*

As a general rule, a lessor relinquishes possession or occupancy of the premises to the lessee. *See* RESTATEMENT (SECOND) OF TORTS § 356 (1965). The law is well settled that when land is leased, the lessee becomes the possessor and occupier of the land, and the lessor's liability for dangerous conditions on the premises generally terminates. *See Johnson County Sheriff's Posse, Inc. v. Endsley,* 926 S.W.2d 284, 285 (Tex.1996) (holding that owner of rodeo arena where spectator was struck in the eye by a rock or dirt during a contest held by lessees owed no duty to the spectator and thus could not be liable for injury). A lease grants a tenant exclusive possession of the premises as against the owner. *Holcombe v. Lorino,* 124 Tex. 446, 79 S.W.2d 307, 310 (1935). It is undisputed that Landowners, by the lease to Frazier, transferred to him the right of

---

May 8, 1935, 44th Leg., R.S., ch. 186, § 1, 1935 Tex. Gen. Laws 467, 467. Subsequently, the Legislature narrowed the prohibition to "knowingly" permitting animals to roam at

large and expanded the prohibition to encompass all U.S. and state highways whether or not the adjacent land was fenced.

possession of the land. Frazier occupied the land for what was expected to be an extended period, with an intent to exercise the right of control given him in the lease contract. *See DeLeon v. Creely,* 972 S.W.2d 808, 812 (Tex.App.—Corpus Christi 1998, no pet.) (stating in premises liability case that ownership of property is not synonymous with control). Landowners presented summary judgment proof that they leased the premises to the lessee without a right of re-entry, and that Frazier was in possession and control of the land at the time of the accident. Thus, under the lease, Frazier controlled the property, and Landowners did not reserve the right to enter onto the property during the lease term. Unless rights are reserved to the landlord in the lease, an owner's entry onto the leased premises would be unlawful. *See DeLeon,* 972 S.W.2d at 813. Requiring Landowners to enter and inspect the property would require them to trespass onto the property, in violation of both the law and terms of their lease with Frazier. When the lessor has no control over the premises, the lessor has no liability for injuries stemming from leased premises within the control of a tenant. *See Johnson County Sheriff's Posse,* 926 S.W.2d at 285.

■ Because the lease agreement gives Frazier the exclusive right to occupy the land from which the bull escaped, it follows that Frazier had exclusive possession and control of the land, the fence, and the bull. In addition, because section 143.102 places the risk upon the *owner* of the livestock, not the owner of the land, the statutory duty to prevent his livestock from wandering onto the highway falls on Frazier, as owner and possessor of the animal. Therefore, under the statute and the lease agreement, Landowners have no responsibility for control of the bull.

Levesque further contends that regardless of legislative pronouncements or validity of the lease, Landowners are charged with a common law duty to ensure that their lessees prevent their livestock from roaming at large on public highways. We disagree. Texas courts generally have applied stock laws to owners of animals, not owners of the land where the animals have been kept, and we have found no case extending liability to a property owner pursuant to a stock law. *See Weddle v. Hudgins,* 470 S.W.2d 218, 219 (Tex.Civ. App.—Tyler 1971, writ ref'd n.r.e.) (holding cattle owner liable, under statute, for injuries and damage to truck resulting from collision between the truck driver and the cow); *Red River T. & S. Ry. Co. v. Dooley,* 35 Tex.Civ.App. 364, 80 S.W. 566, 567 (1904) (finding a duty of the owner of animals to prevent their running at large and knowingly permitting their freedom under terms of the controlling stock law); *Frazer v. Bedford,* 66 S.W. 573, 573 (Tex. Civ.App.1902) (explaining that the owner of the animal is liable for damages caused by trespass); *Hollingsworth v. King,* 810 S.W.2d 772, 775 (Tex.App.—Amarillo 1991, writ denied) (holding property owner liable only where owners of the premises and the owners of the horse were one and the same).

Applying section 143.102 to the facts *sub judice,* we hold Landowner had no responsibility to control the bull. Because we hold Landowners do not own or have responsibility for controlling the bull, it follows Landowners owed no duty under the statute to prevent harm caused by errant cattle on a public highway.

## II. No–Evidence Summary Judgment

Defendant Landowners also moved for summary judgment under Rule 166a(i) of the Texas Rules of Civil Procedure contending Levesque had no evidence that

Landowners either owed any duty to them or breached any such duty to them.

### Standard of Review

 Rule 166a(i) allows a litigant to move for summary judgment as to all or part of a lawsuit on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Tex.R. Civ. P. 166a(i). Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard that we apply in reviewing a directed verdict. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex.App.—San Antonio 1998, pet. denied). We review the proof in the light most favorable to the respondent, disregarding all contrary proof and inferences. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997). A no-evidence summary judgment is improperly granted if the respondent brings forward more than a scintilla of proof to raise a genuine issue of material fact. *Id.;* Tex.R. Civ. P. 166(a)(i). Proof that is so weak that it creates only a mere surmise or suspicion of a fact is less than a scintilla. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983). Conversely, when the proof "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions," the respondent has provided more than a scintilla of proof and survives summary judgment. *Merrell Dow*, 953 S.W.2d at 711.

We have examined the summary judgment proof brought forward by Levesque/respondents and find no evidence either of duty or breach of that duty.

### Conclusion

The Legislature has placed the responsibility of the control of livestock with those who own or control such creatures. *See* § 143.102. Because we hold that Landowners neither owned nor had responsibility for the roving bull, we conclude Landowners had no duty to Levesque, et al. In addition, because Levesque brought forward no evidence that Landowners either owed any duty to Levesque or breached any such duty to them, Landowners are entitled to summary judgment. Having established that under either summary judgment standard of review, no duty can be imposed on Levesque as a matter of law, we decline to address points two and three.

Accordingly, we overrule appellant's points of error one through three and affirm the trial court's judgment.