Opinion issued November 14, 2002 






  





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00073-CV




CAROLYN W. PARKER, Appellant

V.

JPMORGAN CHASE BANK, FORMERLY KNOWN AS THE CHASE
MANHATTAN BANK, SUCCESSOR BY MERGER TO CHASE BANK OF
TEXAS, N.A., Appellee




On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 746,624




O P I N I O N
          Appellant, Carolyn W. Parker, appeals the trial court’s decision to grant a
motion for summary judgment brought by appellee, JPMorgan Chase Bank f/k/a the
Chase Manhattan Bank, successor by merger to Chase Bank of Texas, N.A. (Chase). 
Parker presents three points of error, arguing the trial court erred by granting the
“Motion for Summary Judgment” because (1) Chase failed to timely plead its
affirmative defense, (2) Chase failed to establish that Ms. Eva Lee Burrell (the
decedent) did not sign her certificates of deposit as a matter of law, and (3) Chase had
no standing to raise the issue of “lack of signature.” We affirm. 
Facts
          The decedent opened two Chase investment time deposit accounts (the
accounts) on October 26, 1998. The accounts were each evidenced by a Personal
C.D. Application and Non-Negotiable Acknowledgment of Receipt (account
receipts). Both account receipts indicate the accounts were payable on death (P.O.D.)
and both describe Parker as the primary beneficiary. Although one account receipt
includes the hand-written comment “per client request” in the primary applicant
signature block, neither account receipt is signed by the decedent. 
          Following Ms. Burrell’s death, Parker attempted to collect the proceeds of the
two accounts. Chase instructed Parker that, for Chase to release the funds, she was
required to furnish a copy of the death certificate. Thereafter, but before Parker
acquired the decedent’s death certificate, Ruby Jean Cowart, the decedent’s executrix,
delivered letters testamentary to Chase; at that time, Cowart withdrew the proceeds
and closed the accounts. 
          When Parker returned to Chase with the death certificate, she was informed
that the accounts had been closed. A supervisor at Chase informed her that the
decedent must have removed the P.O.D. designation. After Parker indicated the
decedent had not removed the P.O.D. designation, the supervisor admitted he had
mistakenly allowed the executrix to close the accounts.
          Chase then filed an “Original Petition and Application for Temporary
Restraining Order,” seeking to recover the funds paid to the executrix. Chase,
however, subsequently discovered that the decedent had not signed the required
written agreement to establish a P.O.D. account. Accordingly, Chase moved to
dissolve the temporary restraining order and voluntarily non-suited the action against
the executrix. 
Discussion
          A grant of summary judgment must be strictly construed. Int’l Ins. v. Herman
G. West, Inc., 649 S.W.2d 824, 825 (Tex. App.—Fort Worth 1983, no writ). 
Summary judgment is proper only when the movant establishes there is no genuine
issue of material fact and the movant is entitled to judgment as a matter of law. 
Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Lawson v.
B Four Corp., 888 S.W.2d 31, 34 (Tex. App.—Houston [1st Dist.] 1994, writ denied). 
The purpose of summary judgment is the elimination of patently umeritorious claims
or untenable defenses; it is not intended to deprive litigants of their right to a full
hearing on the merits of any real issue of fact. Levesque v. Wilkens, 57 S.W.3d 499,
503 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (quoting Gulbenkian v. Penn,
252 S.W.2d 929, 931 (Tex. 1952)). In reviewing a summary judgment, we must
indulge every reasonable inference in favor of the nonmovant and resolve any doubts
in its favor. Randall’s Food Mkts., 891 S.W.2d at 644; Lawson, 888 S.W.2d at 33. 
We take all evidence favorable to the nonmovant as true. Randall’s Food Mkts., 891
S.W.2d at 644. 
          As movant, a defendant is entitled to summary judgment if the evidence, as a
matter of law, disproves at least one element of each of the plaintiff’s causes of
action. Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991); Marchal v.
Webb, 859 S.W.2d 408, 412 (Tex. App.—Houston [1st Dist.] 1993, writ denied). 
After the defendant produces evidence entitling it to summary judgment, the burden
shifts to the plaintiff to present evidence creating a fact issue. Walker v. Harris, 924
S.W.2d 375, 377 (Tex. 1996). 
Affirmative Defense
          In point of error one, Parker argues that the trial court erred by granting the
motion for summary judgment because Chase asserted an affirmative defense in its
motion for summary judgment rather than in its pleadings. Parker specifically states,
“[Chase], in its summary judgment, is attempting to defend their factual and legal
position by asserting that the affirmative defense, no valid signature, to their favor.”
          We note that a party is required to include an affirmative defense in a live
pleading. Tex. R. Civ. P. 94. However, we conclude “no valid signature” is not one
of the defenses expressly mentioned in the rule, nor is it an affirmative defense. 
Affirmative defenses are claims interposed to defeat a prima facie case established
by a plaintiff. Cook Composites, Inc. v. Westlake Styrene Corp., 15 S.W.3d 124, 137
(Tex. App.—Houston [14th Dist.] 2000, pet. dism’d). In effect, the evidence offered
to prove such a defense does not rebut the factual propositions uttered by the plaintiff,
but instead serves to establish an independent reason for denying the plaintiff any
recovery. Id. Parker’s argument regarding no valid signature does not fit within this
category. Therefore, we conclude Chase properly asserted its defense in its motion
for summary judgment. 
          We overrule point of error one.
P.O.D. Designation
          In point of error two, Parker argues that the trial court erred in granting the
motion for summary judgment because Chase failed to establish that the “defendant
[Chase] did not sign the certificates of deposit as a matter of law.” Parker concludes
that, because “an action was taken by Ms. Eva Lee Burrell to establish a P.O.D.
account, . . . the Defendant established the accounts.” 
          Chase argues that a P.O.D. account was never created because the decedent
failed to sign the required P.O.D. agreement. We agree. In 1979, the Legislature
added chapter XI entitled “Nontestamentary Transfers” to the Probate Code. Stauffer
v. Henderson, 801 S.W.2d 858, 862-63 (Tex. 1990). Included in this chapter is
section 439, which provides the exclusive means for creating a right of survivorship
in joint accounts. Id. In addition to simple joint accounts, section 439 also applies
to P.O.D. accounts. Id. at 863. Section 439(b) reads:
If the account is a P.O.D. account and there is a written
agreement signed by the original payee or payees, on the
death of the original payee or on the death of the survivor
of two or more original payees, any sums remaining on
deposit belong to the P.O.D. payee or payees if surviving,
or to the survivor of them if one or more P.O.D. payees die
before the original payee.

Tex. Prob. Code Ann. § 439(b) (Vernon Supp. 2002)


 
          Chase presented summary judgment proof that decedent did not sign any
agreement and, thus, did not fulfill the statutory requirements necessary to create a
P.O.D. account. The summary judgment evidence, thus, disproves as a matter of law
at least one element of Parker’s cause of action. As a result, the burden shifted to
Parker to present evidence creating a fact issue. Walker, 924 S.W.2d at 377. 
          To support her argument, Parker reasserts Chase’s original claim that decedent
created a P.O.D. account. Parker argues that, “Based upon the pleadings of the
defendants, the plaintiff’s could only assume that there was a valid ‘P.O.D.’ account.” 
Further, Parker notes that “Upon establishing the account and subsequent death of
Ms. Burrell [decedent], Defendants [Chase] made judicial assertions that the P.O.D.
accounts were established and they were mistakenly closed.”
          The intent of the decedent must be determined from the agreement, and
extrinsic evidence may not be offered to prove intent. Chopin v. Interfirst Bank
Dallas, N.A., 694 S.W.2d 79, 83-84 (Tex. App.—Dallas 1985, writ ref’d n.r.e). 
Therefore, in making our decision, we do not consider Parker’s arguments that she
could “only assume that there was a valid ‘P.O.D.’ account,” and that Chase “made
judicial assertions that the P.O.D. accounts were established and they were mistakenly
closed.” Parker’s argument, thus, must be restricted to the information contained
within the P.O.D. agreement itself. 
          Further, seven days after filing suit, Chase dismissed all proceedings initiated
against decedent’s executrix. A dismissal or nonsuit of the plaintiff’s cause of action
is not an adjudication of the rights of the parties and does not extend to the merits of
the action; it merely puts them back in the position they were in before the lawsuit
was brought. Crofts v. Court of Civil Appeals, 362 S.W.2d 101, 104 (Tex. 1962);
Milner v. City of Leander, 64 S.W.3d 33, 37 (Tex. App.—Austin 2000, no pet.). 
After indulging every reasonable inference in favor of Parker, we hold that she has
not met her burden to present evidence creating a fact issue about whether a P.O.D.
account was created. 
          We overrule point of error two. 
          In point of error three, Parker contends that Chase had no standing to raise the
issue of “lack of signature.” Parker apparently argues that section 448 of the Probate
Code prevents Chase from proving the decedent did not sign the necessary P.O.D.
agreement. We find no support for Parker’s argument. Section 448 reads in relevant
part:
Payment made as provided by Section 444, 445, 446, or
447 of this code discharges the financial institution from
all claims for amounts so paid whether or not the payment
is consistent with the beneficial ownership of the account
as between parties, P.O.D. payees, or beneficiaries, or their
successors. The protection here given does not extend to
payments made after a financial institution has received
written notice from any party able to request present
payment to the effect that withdrawals in accordance with
the terms of the account should not be permitted . . . .

Tex. Prob. Code Ann. § 448 (Vernon Supp. 2002). 

          Parker incorrectly assumes that she was a “party able to request present
payment.” Parker’s unilateral request for payment does not trigger the protection
offered through section 448. Having established that a P.O.D. account was never
created, we conclude Chase correctly paid the executrix and closed out the decedent’s
accounts. Therefore, we hold Parker’s dependence upon section 448 was misplaced
and has no application to the facts specific to this case. 
          We overrule point of error three.
Conclusion

          We affirm the trial court’s judgment.



                                                                        Frank Price
                                                                        Justice

Panel consists of Justices Taft, Alcala, and Price.



Publish. Tex. R. App. P. 47.