Opinion issued October 9, 2003











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00624-CV




FRED HEAFNER, Appellant

V.

MARY HEAFNER, Appellee




On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 773096




MEMORANDUM OPINION

           Appellant, Fred Heafner, appeals a judgment of eviction from real property at 1621
Kipling in Houston, Texas. He and appellee, Mary Heafner, each inherited an undivided
one-half interest in the property from their mother. Fred, who had lived on the property with
his mother until her death, continued to live on the property. In August 2000, appellee sued
Fred in the 333rd District Court of Harris County, seeking a forced sale of the property for
Fred’s failure to pay his share of the taxes, the award of Fred’s interest in the property to
appellee as reimbursement for taxes that she had paid and as damages for various causes of
action, and an award of a deficiency judgment for any damages awarded in excess of the
value of Fred’s interest in the property. 
           Mary prevailed in her suit. An interlocutory summary judgment, signed on September
27, 2001 (the September judgment), divested Fred of his interest in the property, awarded
Mary the property in fee simple, and awarded a deficiency judgment for fraud in the amount
of $124,000. A final judgment disposing of all parties and all issues was signed on April 23,
2002. Mary then filed a petition for eviction in justice court. The justice of the peace issued
an eviction order, and Fred appealed to the county court at law. The county court conducted
a de novo bench trial and signed a judgment of eviction that included a judgment for rent in
the amount of $15,000. Fred has appealed that judgment. We reverse the trial court’s
judgment and render judgment that Mary take nothing by her suit. 
DISCUSSION
           In his first issue, Fred contends that the final judgment in this case is void because the
trial court lacked subject matter jurisdiction. Fred argues that the trial court, in ruling that
the September judgment created a tenancy at sufferance, determined the issue of title to the
property—an issue that was not within the jurisdiction of a county court at law. See Tex.
Gov’t Code Ann. § 26.043 (Vernon 1988); Falcon v. Ensignia, 976 S.W.2d 336, 338 (Tex.
App.—Corpus Christi 1998, no pet.). He further argues that, because the trial court did not
have subject matter jurisdiction, the judgment is void. 
           Mary relied on the September judgment to establish that she was the sole owner of the
property. We find nothing in the record to show that Fred objected to the September
judgment as interlocutory. Furthermore, the final judgment rendered in the district court case
awarded the same relief to Mary as did the September judgment. The trial court in this case
did not make a determination of title to the property; it merely followed the ruling of the
judgment in the district court case. Accordingly, the judgment in this case is not void for
lack of subject matter jurisdiction. 
           We overrule Fred’s first issue. 
2.        Landlord-Tenant Relationship
           In his second issue, Fred contends that the evidence is legally insufficient to show that
the parties had a landlord-tenant relationship. Fred points out that the final judgment in the
district court case was not introduced into evidence in this case and that the judgment on
which Mary relied was the September judgment. He argues that, even if, as argued by Mary,
the September judgment was final, it was void because it improperly divested Fred of his
interest in the judgment and awarded it to Mary, thus bypassing the rules of civil procedure
relating to the execution of judgments. 
           Mary contends that the September judgment was a final judgment. She argues that
the trial court made a finding that the judgment was final and that it divested Fred of his
interest in the property on September 27, 2001. She also asserts that the entire record from
the 333rd district court case is not before this Court in this case and, therefore, we must
presume that the evidence omitted from the record supports the September judgment. Mary
is mistaken on these arguments.
           The September judgment, on its face, is not final. Not only is it titled as a partial
summary judgment; it recites that it is a judgment against “the Defendant FRED WAYNE
HEAFNER” and omits any reference to the other named defendant. Therefore, it does not
dispose of all parties or all issues. It did not divest Fred of his interest in the property on
September 27, 2001 because it was not a final judgment. It became final on April 23, 2002,
when the trial court signed an amended final judgment disposing of all parties and all issues
in the district court case. The district court case was appealed to this Court in cause number
01-02-00429-CV, Heafner v. Heafner, and we take judicial notice of the entire record in that
cause number. We also take judicial notice of our opinion in that case, issued on this date,
in which we concluded that the trial court erred in divesting Fred of his interest in the
property and in which we reversed the trial court’s judgment and remanded the cause to the
trial court. 
           A forcible detainer action is dependent on proof of a landlord-tenant relationship. 
Haith v. Drake, 596 S.W.2d 194, 196 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref’d
n.r.e.). The trial court concluded that Fred became a “tenant at sufferance” on the date of the
September judgment. This conclusion of law was evidently based on the assumption that the
September judgment was a final judgment. However, a final judgment was not rendered
until April 23, 2002. Furthermore, the final judgment did not create a landlord-tenant
relationship because it improperly divested Fred of his interest in the property. 
           Mary asserted a claim for a forced sale under chapter 29 of the Texas Property Code. 
See Tex. Prop. Code Ann. §§ 29.001-.007 (Vernon 2000 & Supp. 2003). However, she
neither adequately pleaded nor proved her claim in that action. She also pleaded for a
partition of the property, but she abandoned that request in an amended petition. Fred cannot
be divested of his interest in the property under any of the causes of action brought by Mary. 
Until the property is partitioned by sale or is sold under chapter 29, Mary and Fred remain
joint owners and cannot have a landlord-tenant relationship. 
           Mary recognizes in her brief that, as joint owners, she and Fred each had an equal
right to possession of the property. Because joint owners have an equal right to possession,
a landlord-tenant relationship is inconsistent with joint ownership. See Levesque v. Wilkens,
57 S.W.3d 499, 504 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (“A lease grants a
tenant exclusive possession of the premises as against the owner.”).
           We hold that there was legally insufficient evidence to establish that the parties had
a landlord-tenant relationship. We sustain Fred’s second issue. 
C.       Attorney’s Fees
           In his third issue, Fred contends that the trial court erred in not awarding attorney’s
fees to him as the prevailing party. Fred asserts that section 24.006 of the Texas Property
Code provides for the recovery of attorney’s fees by the prevailing party in a forcible detainer
action. Fred misreads section 24.006. That section provides as follows:
If the landlord provides the tenant notice under Subsection (a) or if a
written lease entitles the landlord or the tenant to recover attorney’s fees, the
prevailing tenant is entitled to recover reasonable attorney’s fees from the
landlord. A prevailing tenant is not required to give notice in order to recover
attorney’s fees under this subsection. 

Tex. Prop. Code Ann. § 24.006(c) (Vernon 2000). Because Mary and Fred did not have a
landlord-tenant relationship, section 24.006 does not apply to this case.
           We overrule Fred’s third issue.
CONCLUSION
           Because there was legally insufficient evidence to establish a landlord-tenant
relationship between Mary and Fred, the trial court erred in rendering a judgment of eviction. 
Accordingly, we reverse the judgment of the trial court and render judgment that Mary take
nothing by her suit. 
 
                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Justices Hedges, Nuchia, and Higley.