

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

August 9, 2016

The Honorable Lisa Pence
Erath County Attorney
100 West Washington
Stephenville, Texas 76401

Opinion No. KP-0108

Re: Whether a nonprofit entity that has offices on land owned by a municipality may restrict the licensed carrying of handguns on the property (RQ-0097-KP)

Dear Ms. Pence:

You explain that in your county "at least two non-profit agencies . . . have offices located on land owned" by a city.[1] You further explain that those agencies are the only entities located on the specific properties in question, that no governmental offices are located on the properties, and that the city "has no authority as to the operation of the non-profit and all decisions are made by an independent board of directors." Request Letter at 1. Given these facts you ask whether handguns may be prohibited by a nonprofit entity when the entity's offices are located on property owned by a city or governmental entity. *Id.* at 2. You base your questions on section 411.209 of the Government Code and sections 30.06 and 30.07 of the Penal Code, and we will address each of these provisions in turn.

The Eighty-fourth Legislature enacted section 411.209 of the Government Code, which prohibits state agencies and political subdivisions from providing notice that a licensed handgun carrier is prohibited from entry to a location other than those articulated in the Penal Code:

> A state agency or a political subdivision of the state may not provide notice by a communication described by Section 30.06, Penal Code, or by any sign expressly referring to that law or to a concealed handgun license, that a license holder carrying a handgun under the authority of this subchapter is prohibited from entering or remaining on a premises or other place owned or leased by the governmental entity unless license holders are prohibited from carrying a handgun on the premises or other place by Section 46.03 or 46.035, Penal Code.

---

[1] Letter from Honorable Lisa Pence, Erath Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Feb. 11, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

TEX. GOV'T CODE § 411.209(a). A state agency or political subdivision found in violation of this provision is liable for a civil penalty administered by the attorney general. *Id.* § 411.209(b)–(h).

Relevant to your request, the prohibition in subsection 411.209(a) applies only to "a state agency or political subdivision of the state." *Id.* § 411.209(a). Section 411.209 does not address whether a private entity, including an independent nonprofit entity, may provide notice to license holders that the carrying of handguns is prohibited in its offices. If a private entity is operating jointly with a governmental entity or has been hired by the governmental entity to perform certain governmental functions, fact questions could arise about which entity effectively posted a notice prohibiting the carrying of guns. However, under the facts you describe, the private, nonprofit entity appears to have an arms-length agreement to lease city property and is not otherwise affiliated with the city. *See* Request Letter at 1. "As a general rule, a lessor relinquishes possession or occupancy of the premises to the lessee." *Levesque v. Wilkens*, 57 S.W.3d 499, 504 (Tex. App.—Houston [14th Dist.] 2001, no pet.). In such circumstances, section 411.209 does not apply to a city that leases property to a nonprofit entity that provides notice that a license holder carrying a handgun is prohibited from entry. As long as the state agency or political subdivision leasing the property to the nonprofit entity has no control over the decision to post such notice, the state agency or political subdivision lessor would not be the entity responsible for the posting and would therefore not be subject to a civil penalty under section 411.209. *See* TEX. GOV'T CODE § 411.209(a).

Whether sections 30.06 and 30.07 of the Penal Code make it an offense for a person carrying a handgun to enter property leased by a nonprofit entity from a state agency or political subdivision is a separate question. *See* Request Letter at 1. Subsections 30.06(a) and 30.07(a) make it an offense for a license holder to carry a handgun, either concealed or openly, "on property of another without effective consent," when the license holder "received notice that entry on the property by a license holder . . . was forbidden." TEX. PENAL CODE §§ 30.06(a), .07(a). Subsections 30.06(e) and 30.07(e) create exceptions to the application of those sections if "the property on which the license holder . . . carries a handgun is owned or leased by a governmental entity and is not a premises or other place on which the license holder is prohibited from carrying the handgun under Section 46.03 or 46.035." *Id.* § 30.06(e); *see id.* § 30.07(e). We must therefore determine whether these exceptions to the offenses apply to property that is owned by a governmental entity but leased to a private, nonprofit organization.

When the Legislature enacted subsection 30.06(e), its stated focus was on local governmental entities that were prohibiting concealed handguns from public places. *See* House Research Org., Bill Analysis, Tex. S.B. 501, 78th Leg., R.S. (May 9, 2003) at 4 ("A city's ban on concealed handguns in public buildings could make it needlessly difficult for a person lawfully carrying a concealed handgun to perform necessary tasks such as paying a utility bill or renewing a car registration."). Nothing in the text of the statute itself nor in the legislative history suggests that the Legislature considered whether private entities that leased property from a governmental entity were required to allow the carrying of handguns on the property that they lease. The fact that the Legislature created a civil penalty in section 411.209 of the Government Code only for state agencies and political subdivisions provides some contextual support for the idea that the Legislature may not have intended to require private lessees of governmental property to allow handguns on that property. *See* TEX. GOV'T CODE § 411.209(a).

Nevertheless, when construing statutes, courts recognize that the words the Legislature chooses are "the surest guide to legislative intent." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999). When possible, courts will discern legislative intent from the plain meaning of the words chosen, and only when words are ambiguous will courts "resort to rules of construction or extrinsic aids." *Entergy Gulf States, Inc.*, 282 S.W.3d 433, 437 (Tex. 2009). The plain language of subsections 30.06(e) and 30.07(e) make an exception if the property on which the license holder carries a gun "is owned or leased by a governmental entity." TEX. PENAL CODE §§ 30.06(e), .07(e). These statutes make no exception to that exception for property owned by a governmental entity but leased to a private entity, and to conclude that carrying a handgun on such property is prohibited would therefore require reading language into the statute beyond what the Legislature included. *See Entergy Gulf States, Inc.*, 282 S.W.3d at 443 (noting that courts "refrain from rewriting text that lawmakers chose"). Thus, a court would likely conclude that a license holder carrying a handgun on property that is not a premises or other place from which the license holder is prohibited from carrying under sections 46.03 or 46.035 of the Penal Code and that is owned by a governmental entity but leased to a private entity is excepted from the offenses in 30.06(a) and 30.07(a).[2]

---

[2]Such a conclusion would not necessarily preclude a private entity's claim for civil trespass. "Generally, an owner of realty has the right to exclude all others from use of the property[.]" *Severance v. Patterson*, 370 S.W.3d 705, 709 (Tex. 2012). "[E]very unauthorized entry upon land of another is a trespass[,] even if no damage is done or injury is slight." *Coastal Oil & Gas Corp. v. Garza Energy Tr.*, 268 S.W.3d 1, 12 n.36 (Tex. 2008) (quotation marks omitted). Thus, while criminal enforcement may not be available, we find no authority that prohibits the private entity from restricting entry onto that leased property for individuals carrying handguns.

## S U M M A R Y

Section 411.209 of the Government Code creates a civil penalty for a state agency or a political subdivision that provides notice that a license holder carrying a handgun is prohibited on property owned by the governmental entity unless carrying a handgun in such locations is expressly prohibited under the Penal Code. Section 411.209 applies only to a state agency or political subdivision of the State and does not address whether a private entity, including an independent nonprofit entity, may provide notice to license holders that the carrying of handguns is prohibited in the private entity's offices. As long as the state agency or political subdivision leasing the property to the private entity has no control over the decision to post such notice, the state agency or political subdivision lessor would not be the entity responsible for the posting and would therefore not be subject to a civil penalty under section 411.209.

A court would likely conclude that a license holder who carries a handgun on property that is owned by a governmental entity but leased to a private entity and that is not a premises or other place from which the license holder is prohibited from carrying a handgun under sections 46.03 or 46.035 of the Penal Code is excepted from the offenses in subsections 30.06(a) and 30.07(a) of the Penal Code.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee